IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DURKIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. WENEROWICZ, et al. | : | NO. 15-cv-4356 |

ORDER

AND NOW, this 18th day of July 2016, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), the Commonwealth's response in opposition (Doc. No. 7), Petitioner's Motion to Vacate Order Denying Habeas Corpus Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. No. 17), the Commonwealth's response in opposition (Doc. No. 19), Petitioner's traverse thereto (Doc. No. 21), Petitioner's additional filings, available state court records, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski ("MJ") (Doc. No. 15), it is hereby ORDERED that:

1. Petitioner's objections to the Report and Recommendation are OVERRULED.[1]

    When reviewing a Report and Recommendation ("R&R") to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The magistrate judge found, and the Court agrees, that Petitioner's habeas application is barred by the statute of limitations. See R&R 9-18. Petitioner's filings in opposition to the R&R do not contest that his claims are time-barred, nor do they identify specific portions of the R&R to which he objects. Instead, Petitioner argues for the first time that he is actually

---

[1] After the MJ filed the R&R, but before this Court issued a final ruling on Petitioner's habeas petition, Petitioner filed a Rule 60(b) motion to vacate the MJ's Order. See Doc. No. 17. The Commonwealth opposed Petitioner's motion. Doc. No. 19. On January 6, 2016, the Court dismissed Petitioner's motion as premature, and ordered him to file written objections to the R&R. See Doc. No. 20. On January 21, 2016, Petitioner filed a traverse to the Commonwealth's response in opposition to his Rule 60(b) motion. Doc. No. 21. While Petitioner never filed formal objections to the R&R as ordered by the Court, because Petitioner is proceeding pro se, we will liberally construe his Rule 60(b) motion and traverse to contain his objections. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); Haines v. Kerner, 404 U.S. 519, 520 (1972).

innocent based upon the holdings of Alleyne v. United States, 133 S. Ct. 2151 (2013),[2] Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015), and other Pennsylvania Superior Court cases interpreting similar issues. Petitioner maintains that his actual innocence would excuse him from complying with the statute of limitations, 28 U.S.C. § 2244(d). See e.g., McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). However, Petitioner has made no showing or argument that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," as is required to make an actual innocence claim. Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 328-29 (1995)) (internal quotation marks omitted). Therefore, as the MJ found, Petitioner's habeas petition is time barred.

2. Petitioner's request for the appointment of counsel is DENIED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.

4. A certificate of appealability SHALL NOT issue because the Petitioner has not demonstrated that reasonable jurists would find the correctness of the procedural aspects of this ruling debatable. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[2] The Alleyne court held that any fact (other than prior conviction) that increases a statutory mandatory minimum penalty must be admitted by the defendant or proven to a jury beyond a reasonable doubt. 133 S. Ct. 2151 (2013). Alleyne is not retroactively applicable to cases on collateral review. United States v. Reyes, 755 F.3d 210, 213 (3d Cir.) cert. denied, 135 S. Ct. 695 (2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); Commonwealth. v. Riggle, 119 A.3d 1058 (Pa. Super. 2015).